```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  JAVED F. KHAN,

                      Plaintiff,            MEMORANDUM & ORDER
                                            20-CV-01446(EK)(SIL)

          -against-

  LOUIS DEJOY, as Postmaster General
   for the United States Postal Service,

                      Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is Magistrate Judge Locke's report and recommendation ("R&R") recommending that I grant in part and deny in part Defendant Louis DeJoy's motion to dismiss *pro se* Plaintiff Javed Khan's civil rights complaint and grant Khan leave to file a third amended complaint. Khan's complaint asserts six claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.[1] DeJoy's motion argues principally that the operative complaint has not been timely served and that it fails to state a civil rights claim. DeJoy timely objected in part to the R&R, and Khan responded to

---

[1] The six claims are "Count I: Religious Discrimination in Violation of Title VII"; "Count II: Disparate Treatment in Violation of Title VII"; "Count III: Disability Discrimination in Violation of Section 501 of the Rehabilitation Act"; "Count IV: Retaliation in Violation of Title VII and Sections 501 and 504 of the Rehabilitation Act"; "Count V: Hostile Work Environment in Violation of Title VII"; and "Count VI: Racial and National Origin Discrimination in Violation of Title VII."

DeJoy's objections. For the reasons set forth below, the R&R is adopted in part and modified in part.

## I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R that are unobjected-to are reviewed for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). The district court reviews *de novo* those portions of an R&R to which a party has *specifically* objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[2] "[O]bjections [that] are nonspecific or "merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022), "will not suffice to invoke *de novo* review of the magistrate's recommendations." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

## II. Discussion

### A. Motion to Dismiss for Deficient Service

The first leg of DeJoy's motion seeks dismissal of Khan's Second Amended Complaint ("SAC"), which I granted Khan leave to file, based on a series of purported procedural defects with the SAC's predecessors — the original Complaint and the First Amended Complaint ("FAC"). Specifically, DeJoy asserts that Khan: (1) missed the deadline to request an extension of time to serve the original Complaint; (2) improperly received extensions of time to serve the original Complaint; and (3) eventually served not the original Complaint but an unauthorized, untimely, FAC that did not relate back to the original Complaint under Rule 15.[3]

The R&R reasons that I have discretion to cure these purported defects by granting Khan a retroactive extension to serve his original Complaint. Where a complaint has been filed within the statute of limitations period, "the limitations period is tolled" until the deadline for post-filing service, *Hurd v. New York City Health & Hosp. Corp.*, No. 07-CV-3073, 2008 WL 2127659, at *3 (S.D.N.Y. May 20, 2008) (citing *Frasca v. United States*, 921 F.2d 450, 451, 453 (2d Cir. 1990)) — and

---

[3] Though DeJoy initially styled these as vitiating subject-matter jurisdiction, "the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules." *Henderson v. United States*, 517 U.S. 654, 656 (1996).

3

retroactive extensions of that deadline extend the tolling. *See, e.g.*, *Techtronic Cordless GP v. Maersk A/S*, No. 22-CV-9513, 2023 WL 2186412, at *3 (S.D.N.Y. Feb. 23, 2023). The R&R proposes a retroactive extension until August 13, 2020.

DeJoy objects that a retroactive extension to serve the original Complaint would be improper. Def.'s Obj. R&R ("Obj.") 10. Moreover, it would be ineffectual, as it would not solve the problem of Khan's having served the FAC, not the original Complaint. *Id.* at 11. Additionally, the FAC would not relate back to the original Complaint, rendering any tolling of the limitations period irrelevant. *Id.* at 13-14. Finally, an extension until August 13, 2020, would be too short, as the FAC was first served, improperly, on August *18*, 2020, and only properly served on November 21, 2020. *Id.* at 11.

These objections are academic: Judge Locke has already entered orders extending Khan's time to serve his original Complaint until August 31, 2020, and then again until December 31, 2020. Orders dated June 29, 2020, and Nov. 11, 2020. Under those orders, if Khan had served his original Complaint on November 21, 2020, it would have been timely, and any (Rule 15-compliant) amendments that relate back to that pleading would have been timely as well.

However, DeJoy further objects that Judge Locke should never have extended Khan's service deadline because Khan

4

requested an extension too late.[4]  Obj. 5-6.  And (though DeJoy does not say as much) DeJoy's objections to *my* granting Khan a retroactive service extension challenge the propriety of Judge Locke's having previously done so in this case.  *Id.* at 10.

District courts must "extend the time for service for an appropriate period" if a plaintiff "shows good cause" for not effecting timely service.  Fed. R. Civ. P. 4(m).  Additionally, district courts have discretion to grant such extensions "even in the absence of good cause."  *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).  Where, as here, a limitations period would lapse without the extension, extensions are permissible "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."  *Id.* at 197.  Moreover, when a magistrate judge has entered a nondispositive order granting such an extension, the district court may set it aside only if it was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); see *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008).  Under this deferential standard of review, district courts may uphold such orders even if the magistrate judge "failed to

---

[4] To the extent DeJoy needs an extension of time to be able to object to Judge Locke's extension orders, that extension is granted.  *See* Fed. R. Civ. P. 72(a) (calling for objections to a magistrate judge's extension of time within fourteen days of a party's being served with a copy).

5

consider the prejudice Defendants would suffer," so long as the district court independently concludes that any prejudice was not undue.  *Cf. Doe v. Columbia Univ. in City of N.Y.*, 165 F.R.D. 394 (S.D.N.Y. 1996) (upholding magistrate judge's grant of leave to amend in such circumstances).

Judge Locke entered the extension orders at issue without memoranda or other discussion.  The record therefore reflects neither whether Judge Locke found Khan showed "good cause" for his delay in service, nor whether Judge Locke weighed the relative prejudice to the parties in accordance with *Zapata*.  Nevertheless, Judge Locke's extension orders were neither clearly erroneous nor contrary to law because these extensions did not cause DeJoy undue prejudice.  DeJoy concedes that he was not entitled to notice of Khan's suit until June 16, 2020, ninety days after Khan initiated this action.  Obj. 5.  DeJoy also concedes that he received notice of the suit no later than August 18, 2020, when he received the FAC instead of the original Complaint.  Any prejudice to DeJoy from being served the FAC instead of the underlying complaint would have been miniscule — "there is no reason to apply a statute of limitations when . . . the [defendant] has had notice from the beginning that [the plaintiff] was trying to enforce a claim against it because of [particular] events."  *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 581 (1945).  Thus, the sole

question is whether DeJoy was unduly prejudiced by a sixty-three-day delay in notice. He was not. *See Hubert v. State of Connecticut Dep't of Correction*, No. 14-CV-00476, 2016 WL 706166, at *5 (D. Conn. Feb. 22, 2016) (granting discretionary extension where "if Defendants suffered any prejudice from the fifty-nine day [service] delay, it [was] slight."); *cf. Carl v. City of Yonkers*, No. 04-CV-7031, 2008 WL 5272722, at *6 (S.D.N.Y. Dec. 18, 2008) (declining to grant discretionary extension of service on defendants given "no indication in the record that they had notice of" the action until nearly three years after suit was filed), *aff'd*, 348 F. App'x 599 (2d Cir. 2009). DeJoy's objections to Judge Locke's extension requests are overruled.

However, Judge Locke's extensions of Khan's service deadline for the original Complaint do not resolve all of DeJoy's objections to his service because Khan served only the *FAC* within the extended time limits and has yet to serve the original Complaint. Notwithstanding that the original Complaint is a nullity — and that DeJoy admittedly has a copy, *see* Obj. 14 (characterizing that pleading) — DeJoy stands on his right to service.

That argument might carry the day, if not for my discretion to grant Khan another retroactive extension on serving the original Complaint. That extension would toll the

7

limitations period and permit Khan to serve an amended pleading "as a matter of course." Fed. R. Civ. P. 15(a)(1); see *Zapata*, 502 F.3d at 196. And I would be well within my discretion to do so, as DeJoy has suffered *no* prejudice from Khan's not serving the original Complaint between Khan's previous December 2020 deadline and today — all parties understood that Khan wished to proceed on amended pleadings, which he served.

That said, federal courts are loath to subject parties to "the empty formality of pursuing the right procedural device only to reestablish precisely the same basic problem." *Hickman v. Taylor*, 329 U.S. 495, 505 (1947); cf. *United States v. Arthur Young & Co.*, 677 F.2d 211, 218 (2d Cir. 1982), *aff'd in part, rev'd in part on other grounds*, 465 U.S. 805 (1984) (refusing to "den[y] enforcement of [IRS] summons" on grounds that would allow "the IRS [to] simply issue a new summons" and reestablish the same merits issue). Instead, DeJoy's objection based on timeliness of service of the original Complaint is simply overruled; Khan need not actually serve that pleading.

That leaves DeJoy's objection that neither the FAC nor SAC relates back to the original Complaint, so that even if the original Complaint could be timely, the FAC and SAC could not. That objection is also meritless. When an amended complaint does not allege a new cause of action, but merely "make[s] defective allegations more definite and precise," the court

8

"liberally grants relation back under Rule 15(c)." *Glint Factors v. Schnapp*, 126 F.2d 207, 209 (2d Cir. 1942). This "permissive standard" is "consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

An amended complaint will relate back to a complaint that included the essential elements of the claim but was insufficiently pled. For example, in *Nielsen v. Flower Hospital*, 639 F. Supp. 738, 743 (S.D.N.Y. 1986), the court allowed relation back to a complaint that pled only the claim (Title VII) and the general grounds for dispute (refusal to hire). *Nielsen* distinguished *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50 n.3 (1984), which denied relation back to a "bare [Equal Employment Opportunity Commission] right-to-sue letter," *Nielsen*, 639 F. Supp. at 742, and on which DeJoy relies. Obj. 16 & n.10. While the *Nielsen* original complaint could "legitimately be attacked under Rule 12(b)(6)," that pleading — unlike the *Baldwin* right-to-sue letter — "gave [the] defendant actual notice that a Title VII claim was being brought against it." *Id.* at 742-43.

Here, the original Complaint contained sufficient factual matter to give DeJoy notice that a suit had been filed, that he was the named defendant, that it was a Title VII claim,

9

and that the termination of Khan's employment gave rise to the claim. For relation back, Rule 15 requires no more.

The objections based on deficient service are overruled.

**B.  Motion to Dismiss for Failure to State a Claim.**

In addition to his procedural challenges discussed above, DeJoy moved under Rule 12(b)(6) to dismiss the SAC in its entirety, with prejudice, for failure to state a claim.

The R&R recommends denying the Rule 12(b)(6) branch of DeJoy's motion except as to Count VI, alleging racial and national origin discrimination in violation of Title VII, which the R&R recommends be dismissed without prejudice and with leave to amend. DeJoy has objected to the recommended denial of his motion with respect to Counts I through V. DeJoy Obj. 17. Dejoy also objects to the recommendation that Count VI be dismissed without prejudice and with leave to amend. *Id*. In the alternative, DeJoy has "request[ed] that the Court adopt the conclusions in the R&R that Defendant sufficiently established legitimate, non-discriminatory reasons for [certain] actions," convert his motion into one for summary judgment, and grant such motion. *Id.* 17–18.

For the following reasons, DeJoy's objections are all overruled, and his request that his motion be converted into one for summary judgment is denied.

10

1. <u>Counts I Through V State a Claim</u>

DeJoy makes only a perfunctory challenge to the pleading of Counts I through V, choosing instead to skip ahead to disputed issues of fact that, as discussed below, are not cognizable on a motion to dismiss. *See generally* Obj. 17-22 (relying on material from outside the pleadings). As to the sufficiency of these claims' allegations, DeJoy writes only:

> Defendant objects to the R&R's conclusions that Plaintiff's claims were sufficiently well-plead [sic] to avoid dismissal. *See* R&R at 23-41. Instead, as set forth in Defendant's Motion and Reply, Plaintiff's SAC failed to sufficiently allege that any adverse employment action occurred under circumstances giving rise to an inference of discrimination, as required by Title VII. *See* Motion at 15-25; Reply at 8-10.

Because "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" under Rule 72(b), my review is for clear error only. *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002).

There was no such error in Judge Locke's determination that Counts I through V were adequately pled. Judge Locke applied the correct pleading standard. *Compare* R&R at 26 ("At the pleading stage, Plaintiff must plausibly allege that: (1) his employer took adverse action against him; and (2) his religion, race, or national origin was a motivating factor in the employment decision."), *with Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) ("[T]o properly assert a claim of

11

discrimination against an employer under Title VII, a plaintiff must allege two elements: (1) the employer discriminated against her (2) because of her race, color, religion, sex, or national origin."). I therefore adopt the R&R's recommendation that these claims are properly pled.

>    2.  The R&R's Conclusion Regarding Legitimate, Non-Discriminatory Motives are Not Adopted

I decline to adopt the R&R's conclusion that defendant established legitimate, non-discriminatory reasons for the actions taken with respect to Plaintiff's religious and disability discrimination claims. *See* R&R at 29. The R&R reached this conclusion by considering evidence outside the pleadings on a motion to dismiss, without converting the motion into one for summary judgment. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). This information included declarations from both the plaintiff and defendant. ECF No. 29-2; ECF No. 35-1.

Moreover, the R&R took up the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). R&R at 24. "Under this framework, a plaintiff has the initial burden to establish a *prima facie* case of discrimination." *Id.* "If all elements are satisfied, the burden shifts to the employer to 'proffer a legitimate non-discriminatory reason for its actions . . . .'" *Id.* (quoting

*Chen v. Stony Brook Univ. Advancement*, No. 20-CV-4250, 2022 WL 289317, at *1 (2d Cir. Feb. 1, 2022)).

The Second Circuit has counseled district courts not to reach the second step of *McDonnell Douglas* at the pleading stage. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). A Title VII plaintiff "cannot reasonably be required to allege more facts in the complaint than the plaintiff would need to defeat a motion for summary judgment *made prior to the defendant's furnishing of a non-discriminatory justification*." *Id.* (emphasis added). Hence, the R&R's conclusion on this score — at pages 28 through 29 – is not adopted.[5]

    3.    DeJoy's Motion will not be Converted into a Summary Judgment Motion

DeJoy seeks to convert the motion to dismiss into one for summary judgment. As discussed, DeJoy attached to his motion to dismiss an affidavit proffering testimony from outside of the pleadings. As required by Local Rule 12.1, DeJoy provided Khan with notice that a motion to dismiss supported by matters outside of the pleadings could be converted into a motion for summary judgment, and DeJoy provided Khan with a copy

---

[5] DeJoy argues that the R&R's conclusion regarding legitimate, non-discriminatory reasons should be extended to additional counts. Obj. 18. As this conclusion is not adopted, it will not be extended, either.

13

of Rule 56. Obj. 18 n.12. Khan then provided his own affidavit with his opposition brief. There has been no discovery.

DeJoy's request is denied. Instead, consistent with *Fonte*, the affidavits shall be "exclude[d]" and DeJoy's motion will be decided "on the complaint alone." 848 F.2d at 25.

Because the R&R's recommendation that Counts I to V state a claim is adopted, so, too, is the R&R's recommendation that DeJoy's motion to dismiss those claims under Rule 12(b)(6) be denied.

4. The R&R is Adopted as to Count VI

Neither party objects to the recommendation that Khan's claim for discrimination based upon race or national origin (Count VI) be dismissed. This conclusion is not clearly erroneous and is adopted.

However, DeJoy does object to Khan's being granted leave to amend Count VI on the grounds that (a) he has had multiple opportunities to replead and (b) repleading would be futile. Obj. 17.

DeJoy is correct that courts may dismiss with prejudice for "repeated failure to cure deficiencies by amendments previously allowed" and where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But DeJoy makes only a conclusory argument that amendment would be futile. *See* Obj. 17 (stating, without elaboration, that "repleading

14

would be futile"). And where a district court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a *pro se* complaint should not be dismissed without granting leave to amend at least once." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020). That said, here, Khan is seeking his *fourth* pleading in this case. But because Khan is *pro se*, and because Khan has stated several meritorious claims that will proceed regardless of whether Khan amends Count VI, Khan is granted a final opportunity to state a claim for discrimination based upon race or national origin.

### III. Conclusion

For the foregoing reasons, the R&R is adopted in part and modified in part. Khan is granted leave to amend to adequately plead a claim for discrimination based upon race or national origin. Khan shall not add additional causes of action to his amended pleading. If Khan chooses to file an amended pleading, he shall do so by May 17, 2024. DeJoy shall answer that complaint or move to dismiss the race and national origin discrimination claim by June 14, 2024.

15

SO ORDERED.

                                                  /s/ Eric Komitee
                                                 ERIC KOMITEE
                                                 United States District Judge

Dated:    April 17, 2024
            Brooklyn, New York